ORIGINAL

Receipt Number 551033

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE COWIE and STEPHEN COWIE,

Plaintiffs,

vs.

STATE FARM FIRE and CASUALTY COMPANY, an Illinois Corporation, doing Business in Michigan,

Defendant.

Case: 2:06-cv-15218
Assigned To: Hood, Denise Page
Referral Judge: Pepe, Steven D
Filed: 11-22-2006 At 11:40 AM
REM COWIE V STATE FARM FIRE AND CASUALTY CO (EW)

DEBRA A. FREID (P33078)
**FREID, GALLAGHER, TAYLOR & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
604 South Jefferson Avenue
Saginaw, Michigan 48607
(989) 754-0411

PAUL H. JOHNSON, JR. (P26871)
STACEY L. HEINONEN (P55635)
CARY R. BERLIN (P64122)
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

**DEFENDANT, STATE FARM'S, NOTICE OF REMOVAL**

The Defendant, State Farm Fire and Casualty Company ("State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., removes this action from the Genesee County Circuit Court to this Court, pursuant to 28 U.S.C. §§ 1332, 1333(1) and 1446, based upon the following grounds:

1. The captioned action was filed in the Genesee County Circuit Court (Docket No. 06-85052 CK), and is now pending in that court.

2. Although the proof of service accompanying the Summons is not completed, it was issued on October 26, 2006. Copies of all pleadings served upon State Farm are attached as **Appendix "A."**

3. State Farm received the Summons and the Plaintiffs' Complaint on October 30, 2006.

4. State Farm is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business located in the City of Bloomington, State of Illinois. State Farm is a resident of the State of Illinois and is not a citizen or corporation of the State of Michigan.

Patrick, Johnson & Mott, P.C.
27777 Franklin Road
1100 American Center
Southfield, MI 48034
Tel 248 356-8590
Fax 248 3[illegible]

5. The Plaintiffs' are residents of Genesee County, Michigan, as evidenced in their Complaint. (**Appendix "A"**).

6. The captioned action stems from a fire that destroyed the Plaintiffs' 2005 24-foot Stingray boat while it was docked at the Lake Shore Marina, located in Chattanooga, Tennessee.

7. A controversy exists between State Farm and the Plaintiffs, and the amount of controversy in this action is no less than the sum of $101,827.40, as evidenced by the following:

a. The Plaintiffs seek damages for the total destruction of their boat, which they insured for $55,000.00 under the subject policy (**Appendix "B"**); and

b. The Plaintiffs have also submitted a liability claim to State Farm under the subject policy for damages sustained to a nearby boat in the aggregate amount of $46,827.40, which were caused by the same incident and/or occurrence. (Letter from Grange Insurance, dated March 8, 2006, attached as **Appendix "C"**).[1]

8. This Court has original jurisdiction of the action due to the amount in controversy and diversity of citizenship, pursuant to 28 U.S.C. § 1332.

9. State Farm is entitled to remove the above action from the Genesee County Circuit Court to this Court, pursuant to 28 U.S.C. § 1446(a).

10. Further, as this case involves admiralty and maritime issues, this Court has original jurisdiction over the action pursuant to 28 U.S.C.§ 1333(1).

11. State Farm has the right to remove the above action from the Genesee County Circuit Court to this Court, pursuant to 28 U.S.C. § 1446(a).

Respectfully submitted,

PATRICK, JOHNSON & MOTT, P.C.

PAUL H. JOHNSON, JR. (P26871)
STACEY L. HEINONEN (P55635)
CARY R. BERLIN (P64122)
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

Dated: November 22, 2006

[1]The marina was also damaged in this incident, and the marina's damages were adjusted at $42,720.97. (Check from Marina's insurer, New Hampshire Insurance Company, attached as **Appendix "D"**).

**Patrick, Johnson & Mott, P.C.**
27777 Franklin Road
1100 American Center
Southfield, MI 48034
Tel 248 356-8590
Fax 248 356-8594

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE COWIE and STEPHEN COWIE,

Plaintiffs,

Docket No. ____________

vs.

Genesee County Circuit Court Case No. 06-85052

STATE FARM FIRE and CASUALTY COMPANY, an Illinois Corporation, doing Business in Michigan,

Defendant.

---

DEBRA A. FREID (P33078)
**FREID, GALLAGHER, TAYLOR & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
604 South Jefferson Avenue
Saginaw, Michigan 48607
(989) 754-0411

PAUL H. JOHNSON, JR. (P26871)
STACEY L. HEINONEN (P55635)
CARY R. BERLIN (P64122)
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

---

**PROOF OF SERVICE**

The undersigned certifies that copies of **Defendant, State Farm Fire and Casualty Company's, Notice of Removal and Proof of Service** were served upon all parties to the above cause by depositing a copy thereof in the U.S. Mail, postage prepaid, in envelopes addressed to each of the attorneys of record herein at their respective business addresses as disclosed on the pleadings on **November 22, 2006.** I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Nancy Adams
NANCY ADAMS

**Patrick, Johnson & Mott, P.C.**
27777 Franklin Road
1100 American Center
Southfield, MI 48034
Tel 248 356-8590
Fax 248 356-7934



Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>06-85052-CK<br>RICHARD B. YUILLE P-22664 |
|---|---|---|

Court address

900 S. Saginaw St., Flint, MI 48502

Court telephone no.

(810) 257-3220

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| Stephen & Renee Cowie<br>2044 Kingswood Drive<br>Flint, MI 48507 | v | State Farm Fire & Casualty Company<br><br>Resident Agent: Mark Odland - VP Operations<br>5528 Portage Road<br>Portage, MI 49002<br><br>42-B135-834<br>SFCC RECEIVED<br>OCT 30 2006 |
| Plaintiff attorney, bar no., address, and telephone no.<br>Debra A. Freid (P33078)<br>Freid, Gallagher, Taylor & Associates, P.C.<br>PO Box 3305<br>Saginaw, MI 48605-3305<br>(989) 754-0411 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires* | Court clerk |
|---|---|---|
| OCT 26 2006 | JAN 24 2007 | [signature] |

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT** ***Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.***

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Genesee County | Doing business in Genesee County |

Place where action arose or business conducted

fire loss occurred in Tennessee

10/26/2006
Date

[signature: Debra A. Freid]
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/06) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**PROOF OF SERVICE**

**SUMMONS AND COMPLAINT**
Case No. 06-

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with ______________________________
List all documents served with the Summons and Complaint

______________________________

______________________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________________
Signature

______________________________
Title

Subscribed and sworn to before me on ______________ (Date), ______________ County, Michigan.

My commission expires: ______________ (Date) Signature: ______________ (Deputy court clerk/Notary public)

Notary public, State of Michigan, County of 10/26/2006

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with ______________ (Attachments)

______________ on ______________ (Day, date, time)

______________ on behalf of ______________
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

Renee Cowie and
Stephen Cowie,

v

State Farm Fire and Casualty Company,
an Illinois Corporation, doing business in Michigan.

Case No.: 07-85052CK

Hon.: RICHARD B. YUILLE P-22664

Debra A. Freid (P33078)
Freid, Gallagher, Taylor & Associates, P.C.
Attorneys for Plaintiff
604 S. Jefferson Ave.
Saginaw, MI 48607
(989) 754-0411

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

## COMPLAINT AND JURY DEMAND

Now comes Renee Cowie and Stephen Cowie, by and through counsel, Debra A. Freid of Freid, Gallagher, Taylor & Associates, P.C., to state in Complaint against the Defendant State Farm Fire and Casualty Company, as follows:

1. Renee Cowie and Stephen Cowie are, and were at all relevant times, husband and wife and are currently residents of Genesee County, in the State of Michigan.

2. The Defendant, State Farm Fire and Casualty Company, is incorporated in Illinois, but is licensed and authorized to do business in the State of Michigan in the County of Genesee. Defendant carried on a continuous and systematic part of its general business within the State

of Michigan and specifically conducts business in Genesee County.

3. The amount in controversy exclusive of interest, fees and costs, exceeds $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS).

4. At all times relevant, Plaintiffs were the owners of 24 foot CS Stingray watercraft.

5. At some time prior to October 28, 2005, the Defendant executed and delivered to the Plaintiffs, for valuable consideration, a certain boat owner's policy, Policy #42-J7-2868-8, which provided for replacement cost of the above-described watercraft upon loss due to fire. A copy of the policy is attached as Exhibit A.

6. On October 28, 2005, all premiums were paid and current and said policy was in full force and effect.

7. On October 28, 2005, the watercraft insured by said policy was destroyed by fire in Tennessee. The loss occurred under circumstances within the coverage of the policy.

8. Plaintiff's timely notified Defendant of the loss by fire of the insured watercraft.

9. Plaintiffs thereafter complied with their contractual obligations and complied with every request made by State Farm, including permitting State Farm to immediately examine the loss, submitting to statements by State Farm in November of 2005 and to sworn statements by an attorney on State Farm's behalf in January of 2006, as well as taking any and all other actions requested or demanded by State Farm following the loss.

10. Plaintiffs requested that State Farm provide the contractual benefits, which, by virtue of the insurance policy and in accordance with the terms of that insurance policy, the Defendant is liable to pay over to Plaintiffs.

11. However, State Farm has not acted in good faith, and instead has delayed in processing the

Plaintiff's claim and, on May 1, 2006, more than 6 months after the loss, has issued a claim denial notice and has willfully and unreasonably refused to pay for the loss sustained, including the replacement cost of the boat without depreciation, and any cost of wreckage repair. Defendant has denied liability for Plaintiff's claim and has failed to tender any money to Plaintiffs as full or partial payment, of the claim in order to minimize Plaintiff's consequential damages.

## Count I - BREACH OF CONTRACT

12. Plaintiff incorporates by reference paragraphs 1 through 11.

13. Defendant owed Plaintiff the duties to act fairly and reasonably in investigating Plaintiff's claim, to act in good faith, and to timely pay Plaintiff's claim.

14. Defendant, through its agents, representatives, employees, and investigators, failed to act fairly and reasonably in investigating Plaintiff's claim, failed to act in good faith, and failed to timely pay Plaintiff's claim. Defendant's wrongful conduct includes:

    a. failing to make payment of Plaintiff's claim within the time required by law from receipt of proof of the amount of loss.

    b. pursuing false defenses to Plaintiff's claim in an attempt to avoid, delay, or compromise payment of Plaintiff's claim when Defendant did not have sufficient evidence to support the defenses.

15. These actions by Defendant constitute a breach of Plaintiff's insurance contract with Defendant.

16. As a direct and proximate result of this breach of contract, Defendant remains indebted to Plaintiffs for their insured losses and Plaintiffs have sustained consequential damages that

were in the contemplation of the parties when the contract was made or which are the natural and usual consequences of a breach of a fire insurance contract. These consequential damages include, but are not limited to wreckage repair, expert fees, adjusting fees, and attorney fees. Further, Plaintiffs are entitled to pre-judgment and penalty interest.

WHEREFORE, your Plaintiffs, Renee Cowie and Stephen Cowie demand judgement against the Defendant in an amount that will fairly and adequately compensate them for the amounts due and owing under the insurance policy together with costs, pre-judgment and penalty interest, and attorney fees as provided for in Statutes and Rules.

Respectfully Submitted:

Freid, Gallagher, Taylor & Associates, P.C.

Dated: October 26, 2006

By: ______________________
Debra A. Freid (P33078)
Attorney for Plaintiff

## JURY DEMAND

Plaintiff herein demands a trial by jury in this matter.

Respectfully Submitted:

Freid, Gallagher, Taylor & Associates, P.C.

Dated: October 26, 2006

By: ______________________
Debra A. Freid (P33078)
Attorney for Plaintiff
PO Box 3305
Saginaw, MI 48605-3305
(989) 754-0411
Daf/tak/cowie.1


PLAINTIFF'S
EXHIBIT
A

# YOUR STATE FARM BOATOWNERS POLICY

865-694-1345
AIAN

TABLE OF CONTENTS

DECLARATIONS
Your Name
Your Address
Policy Period
Coverages
Coverage Limits
Deductibles

| | Begins on Page |
|---|---|
| AGREEMENT | 1 |
| DEFINITIONS | 1 |
| SECTION I - YOUR PROPERTY | |
| COVERAGES | 2 |
| Coverage A | 2 |
| Additional Coverages | 2 |
| LOSSES INSURED | 2 |
| LOSSES NOT INSURED | 2 |
| CONDITIONS | 4 |
| SECTION II - YOUR LIABILITY | |
| COVERAGES | 5 |
| Coverage L - Watercraft Liability | 5 |
| Coverage M - Watercraft Medical Payments | 5 |
| EXCLUSIONS | 6 |
| ADDITIONAL COVERAGES | 7 |
| CONDITIONS | 7 |
| SECTION I AND SECTION II - CONDITIONS | 8 |
| OPTIONAL PROVISIONS | 10 |

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.

FP-7900.1
(10/89)

Printed in U.S.A.

# BOATOWNERS POLICY

## AGREEMENT

We agree to provide the insurance described in this policy. You agree to pay premiums when due and comply with the provisions of this policy.

## DEFINITIONS

"You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.

Certain words and phrases are defined as follows:

1. "Boat" means [illegible] (excluding [illegible]).
2. "Boat equipment" means:
   a. anchors, oars, [illegible] and [illegible];
   b. extra fuel tanks, extra batteries;
   c. [illegible];
   d. [illegible]
   e. [illegible], life preservers;
   f. cold stoves, deck chairs;
   g. [illegible];
   h. [illegible];
   i. [illegible] and [illegible] your watercraft; and
   j. [illegible] your watercraft.

   "Boat equipment" does not include sports equipment such as fishing gear.
3. "Bodily injury" means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. Bodily injury does not include any of the following which are communicable: disease, bacteria, parasite, virus or other organism, any of which are transmitted by any insured to any other person. Also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any insured to any other person.
4. "Business" means a trade, profession or occupation. This includes farming.
5. "Declarations" means the policy Declarations, any amended Declarations, the most recent renewal notice or certificate, or any endorsement changing any of these.
6. "Insured" means you and, if residents of your household:
   a. your relatives;
   b. any other person under the age of 21 who is in the care of a person described above.

   Under Section II, "insured" also means:
   c. any other person while using your watercraft if its use is within the scope of your consent;
   d. any other person or organization liable for the use of your watercraft by one of the above insureds.
7. "Motor" includes [illegible] controls, electric harness, battery and [illegible].
8. "Newly acquired watercraft" means:
   a. a boat, motor or boat trailer under Section I;
   b. a boat or motor under Section II,

   Under Section I and Section II the watercraft must be newly acquired by you and:
   c. replace property insured by this policy; or
   d. be additional property. On the date of its delivery to you we must insure all other boats and motors you own.

   You must:
   e. [illegible] within 30 days after it is delivered to you;
   f. [illegible];
   g. pay any premium due.
9. "Occurrence" means an accident, including exposure to conditions, which results in:
   a. bodily injury; or
   b. property damage

   during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.
10. "Property damage" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not considered to be property damage.
11. "Your watercraft" means:
    a. the boats and motors described in the Declarations; and
    b. newly acquired watercraft, except boat trailers.

## SECTION I - COVERAGES

### COVERAGE A

We cover the boats, motors, boat trailers, and boat equipment described in the Declarations.

### ADDITIONAL COVERAGES

1. Newly Acquired Watercraft. We cover your newly acquired watercraft for damage caused by a loss insured. The coverage limit is the cost of the newly acquired watercraft.
2. Reasonable Repairs. If damage is caused by a loss insured, we will pay the reasonable cost you incur to repair damage to covered property to protect the property from further damage or loss. This is an additional amount of insurance.
3. Emergency Service. We will pay up to $[illegible] for the reasonable cost you incur resulting from the following emergency services to your boat, motor or boat trailer:
   a. mechanical labor up to one hour at the place of breakdown;
   b. towing to the nearest place where necessary repairs can be made during regular business hours;
   c. towing it out if it is stuck;
   d. towing it to a safe place if your towing vehicle has broken down;
   e. delivery of gas, oil, loaned battery, or change of tire. We do not pay for the cost of these items.

   The policy deductible does not apply to this coverage.
4. Wreck Removal. We will pay the reasonable expenses you incur for any attempted or actual raising, removal or destruction of the wreck of your watercraft if:
   a. the damage is caused by a loss insured; and
   b. removal or destruction of the wreck is required by law or governmental authority.

   This expense is included in the Coverage A limit. When the amount payable for damage to your watercraft plus the cost of removal or destruction of the wreck exceed the Coverage A limit, an additional [illegible] of the Coverage A limit is available for wreck removal expense.

## SECTION I - LOSSES INSURED

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I - LOSSES NOT INSURED.

## SECTION I - LOSSES NOT INSURED

1. We do not insure for loss to the property described in Coverage A either consisting of, or directly and immediately caused by, one or more of the following:
   a. wear, tear, marring, scratching, denting, deterioration, inherent vice, latent defect, mechanical breakdown, corrosion, electrolysis;

Printed in U.S.A.

[illegible]

b. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not;

c. rust, mold, or wet or dry rot;

d. contamination;

e. smog, smoke from agricultural smudging or industrial operations;

f. birds, vermin, rodents, insects or domestic animals;

g. theft committed by an insured. This includes attempted theft;

h. infidelity of an insured's employees;

i. infidelity of any person to whom the insured property is entrusted or rented;

j. expanding, contracting, cracking, or settling. However, fire or explosion resulting from any of these is covered. Coverage applies only to the portion of the loss caused by fire or explosion;

k. damage occurring while your watercraft is:

(1) rented to others;

(2) used to carry property or people for a fee; or

(3) used for any business purpose;

l. damage occurring while your watercraft is used in any prearranged or organized race or speed test. This does not apply to sailboats.

However, we do insure for any resulting loss from items a. through j. unless the resulting loss is itself a Loss Not Insured by this Section.

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss:

a. Seizure, meaning the taking or seizure of property by governmental authority.

b. Neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

c. War, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

d. Nuclear Hazard, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

b. defect, weakness, inadequacy, fault or unsoundness in:

(1) design, specifications, workmanship, construction;

(2) materials used in construction or repair; or

(3) maintenance;

of any property.

However, we do insure for any resulting loss from items a. and b. unless the resulting loss is itself a Loss Not Insured by this Section.

## SECTION I - CONDITIONS

1. Insurable Interest and Coverage Limit. Even if more than one person has an insurable interest in the property covered, we shall not be liable:

a. to the insured for an amount greater than the insured's interest; nor

b. for more than the applicable coverage limit.

2. Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft.

b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

c. prepare an inventory of damaged or stolen property. Show in detail the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with records and documents we request and permit us to make copies; and

(3) submit to examinations under oath, while not in the presence of any other insured, and sign the same;

e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1) the time and cause of loss;

(2) interest of the insured and all others in the property involved and all encumbrances on the property;

(3) other insurance which may cover the loss;

(4) changes in ownership of the property during the term of this policy; and

(5) an inventory of damaged or stolen property described in 2.c.

3. Loss Settlement. Covered property losses are settled as follows:

a. We will pay the cost to repair or replace at the time of loss, without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement but not exceeding the smallest of the following amounts:

(a) replacement cost at time of loss;

(b) the full cost of repair;

(c) any applicable special limit of liability; or

(d) any applicable limit of liability.

(2) Loss to property not repaired or replaced within one year after the loss will be settled on an actual cash value basis. This means there may be a deduction for depreciation.

b. We will pay the Coverage A limit shown in the Declarations for the described boats and motors if all described items are a total loss as the result of a single insured loss. We will also pay the Coverage A limit shown in the Declarations for a boat trailer if it is also a total loss as the result of the same single insured loss. The policy deductible does not apply to these total losses.

4. Loss to a Pair or Set. In case of loss to a pair or set, we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between the actual cash value of the property before and after the loss.

5. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser. Each shall notify the other of the

by the [illegible] within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where you live to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

6. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

7. **Our Option.** We may repair or replace any part of the property damaged or stolen with equivalent property. Any property we pay for or replace becomes our property.

8. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

a. reach agreement with you;

b. there is an entry of a final judgment; or

c. there is a filing of an appraisal award with us.

9. **Abandonment of Property.** We need not accept any property abandoned by an insured.

10. **Loss Payable Clause.** If a loss payee is named in the Declarations, any loss payable under Section I shall be paid to you and the loss payee, as interests appear. Loss covered under Section I will be adjusted with you only.

11. **No Benefit to Bailee.** We will not recognize an assignment or grant coverage for the benefit of a person or organization holding, storing or transporting property for a fee. This applies regardless of any other provision of this policy.

12. **Intentional Acts.** If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

## SECTION II - LIABILITY COVERAGES

### COVERAGE L - WATERCRAFT LIABILITY

If a claim is made or a suit is brought against an insured for damages because of an occurrence resulting from the ownership, maintenance or use of your watercraft, we will:

1. pay up to the Coverage L limit for the damages for which the insured is legally liable; and

2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals the Coverage L limit.

### COVERAGE M - WATERCRAFT MEDICAL PAYMENTS

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

This coverage applies only for bodily injury caused by an accident, resulting from the ownership, maintenance or use of your watercraft.

## SECTION II - EXCLUSIONS

1. Coverage L and Coverage M do not apply to bodily injury or property damage:

a. which is either expected or intended by an insured;

b. to any person or property which is the result of willful and malicious acts of an insured;

c. arising out of the operation, maintenance or use of watercraft not insured by this policy;

d. while your watercraft is:

(1) rented to others;

(2) used to carry property or persons for a fee; or

(3) used for any business purpose;

e. arising out of the rendering or failing to render professional services;

f. while your watercraft is operated in any prearranged or organized race or speed test. This exclusion does not apply to sailboats;

g. caused directly or indirectly by war, including undeclared war, or any warlike act including destruction or seizure or use for a military purpose, or any consequence of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;

h. arising out of para-sailing or kite-skiing;

i. while your watercraft is being carried in or upon a motor vehicle or on a trailer attached to or being towed by a motor vehicle;

j. while any boat trailer is attached to or is being towed by a motor vehicle;

k. caused directly or indirectly by the taking or seizure of property by a governmental authority.

2. Coverage L does not apply to:

a. bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured;

b. liability assumed by the insured under any contract or agreement;

c. property damage to property owned by any insured;

d. property damage to property rented to, occupied or used by, or in the care of any insured;

e. bodily injury to a person eligible to receive any benefits required to be provided or voluntarily provided by an insured under a workers' compensation, non-occupational disability, or occupational disease law, or U.S. Longshoremen and Harbor Workers' Compensation Act;

f. bodily injury or property damage for which an insured under this policy is also an insured under a nuclear energy liability policy or would be an insured but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors.

3. Coverage M does not apply to bodily injury:

a. to a person eligible to receive any benefits required to be provided or voluntarily provided by an insured under a workers' compensation, non-occupational disability, or occupational disease law, or U.S. Longshoremen and Harbor Workers' Compensation Act;

b. from nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

## SECTION II - ADDITIONAL COVERAGES

We cover the following in addition to the coverage limits:

1. **Claim Expenses.** We pay:

   a. expenses we incur and costs taxed against an insured in suits we defend;

   b. premiums on bonds required in suits we defend:

      (1) required in suits we defend;

      (2) to release attachments [illegible] insured's property [illegible]

      (3) up to $250 for each bail bond needed because of an accident or violation of traffic safety regulation.

   We are not obligated to apply for or furnish any bond. The total amount of all bonds for which we pay the premium shall not exceed our Coverage L limit;

   c. reasonable expenses an insured incurs at our request. This includes actual loss of earnings (but not loss of other income) up to $50 per day for aiding us in the investigation or defense of claims or suits;

   d. prejudgment interest awarded against the insured on that part of the judgment we pay; and

   e. interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court that part of the judgment which does not exceed the coverage limit that applies.

2. **First Aid Expenses.** We will pay expenses for first aid to others incurred by an insured for bodily injury covered under this policy.

## SECTION II - CONDITIONS

1. **Coverage Limit.** The Coverage L limit is shown in the Declarations. This is our limit for all damages from each occurrence regardless of the number of insureds, claims made or persons injured.

   The Coverage M limit is shown in the Declarations. This is our limit for all medical expense for bodily injury to one person as the result of one accident.

2. **Severability of Insurance.** This insurance applies separately to each insured. This condition shall not increase our coverage limit for any one occurrence.

3. **Duties After Loss.** In case of an accident or occurrence, the insured shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

   a. give written notice to us or our agent as soon as practicable, which sets forth:

      (1) the identity of this policy and insured;

      (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and

      (3) names and addresses of any claimants and available witnesses;

   b. immediately forward to us every notice, demand, summons or other process relating to the accident or occurrence;

   c. at our request, assist in:

      (1) making settlement;

      (2) the enforcement of any right of contribution or indemnity against a person or organization who may be liable to an insured;

      (3) the conduct of suits and attend hearings and trials; and

      (4) securing and giving evidence and obtaining the attendance of witnesses;

   d. the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense. This does not apply to expense for first aid to others at the time of the bodily injury.

4. **Duties of an Injured Person - Coverage M.** The injured person, or, when appropriate, someone acting on behalf of that person, shall:

   a. give us written proof of claim, under oath if required, as soon as practicable;

   b. execute authorization to allow us to obtain copies of medical reports and records; and

   c. submit to physical examination by a physician selected by us when and as often as we reasonably require.

5. **Payment of Claim - Coverage M.** Payment under this coverage is not an admission of liability by an insured or us.

6. **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions.

   No one shall have the right to join us as a party to an action against an insured. Further, no action with respect to Coverage L shall be brought against us until the obligation of the insured has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of an Insured.** Bankruptcy or insolvency of an insured shall not relieve us of our obligation under this policy.

## SECTION I AND SECTION II - CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or bodily injury or property damage under Section II which occurs during the period this policy is in effect.

2. **Territory.** This policy applies only within the United States of America or Canada or within 75 nautical miles of either.

3. **Concealment or Fraud.** This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after the loss.

4. **Liberalization Clause.** If we adopt any revision which would broaden coverage under this policy without additional premium, within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

5. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

6. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

7. **Subrogation.** An insured may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

   If an assignment is sought, an insured shall sign and deliver all related papers and cooperate with us in a reasonable manner.

   Subrogation does not apply under Section II to Medical Payments to Others.

8. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will use this formula to determine our payment:

   a. divide the applicable coverage limit of this policy by the total amount of insurance covering the loss;

   b. multiply the result by the amount of the loss;

   c. the answer is our amount of payment.

   Other insurance does not apply under Section II to Medical Payments to Others.

9. **Death.** If you die, we insure your legal representative or the person having temporary custody of your property until a legal representative is appointed. This only applies to your property covered under this policy at the time of your death.

10. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

11. Cancellation.

a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to you in writing.

b. We may cancel this policy only for the reasons stated in this condition. We will notify you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice:

(1) When you have not paid the premium, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to us or our agent or under any finance or credit plan.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason. We may cancel by notifying you at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

(a) if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy; or

(b) if the risk has changed substantially since the policy was issued.

We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary. We may cancel by notifying you at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request cancellation, the return premium will be based on the following Premium Adjustment Table. When we cancel, the return premium will be pro rata.

d. The return premium may not be refunded with the notice of cancellation or when the policy is returned to us. In such cases, we will refund it within a reasonable time after the date cancellation takes effect.

12. Nonrenewal. We may elect not to renew this policy. If we elect not to renew, a written notice will be delivered to you, or mailed to you at your mailing address shown in the Declarations. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

Premium Adjustment Table

| Days Policy In Force Per Annual Premium Period | Percentage of Annual Premium Earned | Days Policy In Force Per Annual Premium Period | Percentage of Annual Premium Earned | Days Policy In Force Per Annual Premium Period | Percentage of Annual Premium Earned |
|---|---|---|---|---|---|
| 1-3 | 2% | 52-54 | 36% | 100-102 | 68% |
| 4-6 | 4 | 55-57 | 38 | 103-105 | 70 |
| 7-9 | 6 | 58-60 (2 mos.) | 40 | 106-108 | 72 |
| 10-12 | 8 | | | 109-111 | 74 |
| 13-15 | 10 | 61-63 | 42 | 112-114 | 76 |
| 16-18 | 12 | 64-66 | 44 | 115-117 | 78 |
| 19-21 | 14 | 67-69 | 46 | 118-120 (4 mos.) | 80 |
| 22-24 | 16 | 70-72 | 48 | | |
| 25-27 | 18 | 73-75 | 50 | 121-123 | 82 |
| 28-30 (1 mo.) | 20 | 76-78 | 52 | 124-126 | 84 |
| | | 79-81 | 54 | 127-129 | 86 |
| 31-33 | 22 | 82-84 | 55 | 130-132 | 88 |
| 34-36 | 24 | 85-87 | 56 | 133-135 | 90 |
| 37-39 | 25 | 88-90 (3 mos.) | 60 | 136-138 | 92 |
| 40-42 | 26 | | | 139-141 | 94 |
| 43-45 | 27 | 91-93 | 62 | 142-144 | 96 |
| 46-48 | 28 | 94-96 | 64 | 145-147 | 98 |
| 49-51 | 30 | 97-99 | 66 | 148-365 (5 mos.-12 mos.) | 100% |

## OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as indicated in the Declarations.

Option E - Client Entertainment.

1. SECTION I - LOSSES NOT INSURED, item 1.k. is deleted and replaced with the following:

1. We do not insure for loss to the property described in Coverage A either consisting of, or directly and immediately caused by, one or more of the following:

k. damage occurring while your watercraft is:

(1) rented to others;

(2) used to carry persons or cargo for a fee; or

(3) used for any business purpose.

However, occasional entertainment of your business clients aboard your watercraft is covered.

2. SECTION II - EXCLUSIONS, item 1.c. is deleted and replaced with the following:

1. Coverage L and Coverage M do not cover bodily injury or property damage:

c. while your watercraft is:

(1) rented to others;

(2) [illegible] or [illegible] for [illegible]; or

(3) [illegible] factory [illegible] equipment;

However, [illegible] used in [illegible] your watercraft are covered.

**Option F - Personal Property.** We cover personal property owned or used by an insured which is [illegible] with your watercraft for damage caused by a Loss Insured. Coverage applies anywhere in the world.

The coverage limit for this option is shown in the Declarations.

**Property Not Covered.** This option does not cover:

1. articles separately described and specifically insured by this or any other insurance;
2. animals, birds or fish;
3. [illegible] propelled vehicles or machines, including their parts, designed for movement on land;
4. devices or instruments for the recording or reproduction of sound permanently attached to an engine or motor propelled vehicle. We do not cover tapes, wires, records or other media that may be used with these devices or instruments while in the vehicle;
5. aircraft and parts;
6. [illegible], boat carriers and boat trailers;
7. any [illegible], radios, [illegible], telephones, radio [illegible], radio [illegible], radio [illegible], antennas and other [illegible]. This exclusion applies only while the property is located in or upon any [illegible] motor propelled vehicle, watercraft or aircraft whether afloat or ashore;
8. [illegible] and prosthetic devices;
9. property [illegible] by [illegible] of the insured [illegible];
10. books of account, abstracts, drawings, card index systems and other records. This exclusion does not apply to film, tape, disc, drum, cell and other magnetic recording or storage media for electronic data processing. We will cover the cost of blank books, cards or other blank material plus the cost of labor you incur for transcribing or copying such records.

**Special Limitation.** We cover breakage of fragile articles, such as eyeglasses, [illegible], glassware, [illegible] and porcelains, only when caused by these perils:

1. fire or lightning;
2. explosion;
3. windstorm;
4. theft or attempted theft;
5. [illegible].

Breakage of fragile articles caused by any other peril is not covered.

**Special Limits of Liability.** These limits do not increase the coverage limit applicable to this option. The special limit for each of the following categories is the total limit for each loss for all property in that category:

1. $200 on money, bank notes, bullion, gold other than goldware, silver other than silverware, platinum, coins and medals.
2. $200 on property used or intended for use in a business.
3. $1,000 on securities, checks, [illegible], [illegible], money orders and other negotiable instruments, accounts, deeds, evidences of debt, letters of credit, notes other than bank notes, manuscripts, passports, tickets and stamps.
4. $1,000 on [illegible].
5. $1,000 for loss by theft of jewelry, watches, fur garments and garments trimmed with fur, precious and semi-precious stones.
6. $2,500 for loss by theft of firearms and related equipment.
7. $2,500 for loss by theft of silverware and goldware.

**Special Loss Settlement Condition.** Covered losses to the following personal property will be settled on an actual cash value basis. This means there may be deduction for depreciation:

1. antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;
2. articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and
3. property not useful for its intended purpose.

We will not pay an amount exceeding that necessary to repair or replace the property, or an amount in excess of the limit of liability applying to the property.

**Option G - Machinery Exclusion.** Loss to the rudder, propeller, [illegible], engine or other machinery is covered only if caused by stranding, burning, sinking or collision with another watercraft. Loss from any other cause is not covered.

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

Kim M. Brunner, Secretary

Edward B. Rust, Jr., President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment are proper.

## AMENDATORY ENDORSEMENT
### (Tennessee)

The Section I and Section II Condition, "**Cancellation**", item c. is changed to read:

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request cancellation, the return premium will be based on our rules for such cancellation. The return premium may be more than the amount determined by using the Premium Adjustment Table in the policy. When we cancel, the return premium will be pro rata.

**All other policy provisions apply.**

FE-7867
(1/90)

State Farm Fire and Casualty Company
A Stock Company With Home Offices in Bloomington, Illinois

**DECLARATIONS PAGE**



...Memorial Boulevard
...rfreesboro, TN 37131-0001

# DECLARATIONS PAGE

| Policy Number | 42-J7-2868-8 | |
|---|---|---|
| **Policy Period** | **Effective Date** | **Expiration Date** |
| 12 Months | JUN 27 2005 | JUN 27 2006 |

The policy period begins and ends at 12:01 am standard time at the named insured's address.

**Named Insured**

A-11-2190-F335 F B

COWIE, STEPHEN & RENEE
APT 483
5600 LAKE RESORT TER BLDG P
CHATTANOOGA TN 37415-2555

**Loss Payee**

EXTRADE CONSUMER FINANCE CORP
PO BOX 57095
IRVINE CA 92619-7095

## Boatowners Policy

**Automatic Renewal** - If the **policy period** is shown as **12 months**, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period. If this policy is terminated, we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

| Coverages & Property | | Coverage Limits (Maximum) |
|---|---|---|
| **Section I** | | |
| A | Boat & Boat Equipment | $ 55,000 |
| | Motor | Included |
| **Section II** | | |
| L | Watercraft Liability (Each Occurrence) | $ 100,000 |
| M | Watercraft Medical Payments (Each Person) | $ 1,000 |

**Deductibles - Section I**

All Perils $ 500

**Property Description**

2005 STINGRAY CRUISER 24 FT
Hull Identification No. PNYUSTYNA405
2005 MERCRUISER 7.5 300 HP
Serial No. W251926

In case of loss under this policy, we cover only that part of the loss over the deductible stated.

POLICY PREMIUM $ 501.00

EXHIBIT 1 S COWIE 1/25/06

**Forms, Options, and Endorsements**

| Base Policy Form | FP-7900.1 |
|---|---|
| Amendatory Endorsement | FE-7887 |

**Other limits and exclusions may apply - refer to your policy**

**Your policy consists of this page, any endorsements and the policy form. Please keep these together.**

FP-7080.2C
1082 151 1
E 1S Prepared JUL 14 2005
555-7020 a.1 Rev. 03-2002 (01f0395c)

JEFF GREESON
423-893-7425

000003

# AMENDATORY ENDORSEMENT
# (Tennessee)

The Section I and Section II Condition, "**Cancellation**", item c. is changed to read:

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request cancellation, the return premium will be based on our rules for such cancellation. The return premium may be more than the amount determined by using the Premium Adjustment Table in the policy. When we cancel, the return premium will be pro rata.

**All other policy provisions apply.**





March 8, 2006

42-B135-834

Stephen & Renee Cowie
5600 Lake Resort Drive Apt 483
Chattanooga, TN 37406

**Certified & Regular Mailing**

RE:
Insured: Robert G. Norwood
Claim No: IMP000417739
Date of Loss: 10-28-2005
~~Damages: $ 46,827.40~~

Dear Mr. & Mrs. Stephen & Renee Cowie:

According to our investigation, you are legally responsible for the damages suffered by our insured because of the fire damage loss that occurred on October 28, 2005 at Lake Shore Marina in Chattanooga, TN.

Grange Insurance is seeking to recover those sums that it was obligated to pay to its insured because of this loss. Please **immediately** notify your <u>Liability Insurance carrier</u> and advise them of this subrogation claim and forward a copy of this letter to them. Please be advised that failure on your part to promptly notify your insurance company may ultimately result in being denied coverage under an otherwise applicable policy or policies.

We also request that your insurance company immediately acknowledge receipt of this matter to the undersigned in writing, and advise us within 30 days as to their position.

If you have any questions, I can be reached at 1-800-423-4036 extension 241 Monday through Friday 8:30 a.m. to 5:00 p.m. central time.

**Your response will be considered past due on April 8, 2006 and we will proceed with appropriate legal action.**

Sincerely,

Mary Morton
Claims Representative
MM

CC: State Farm Insurance Company
Attn: Jim Simpson
6137 Shallowford Road
Chattanooga, TN 37421

*Grange Mutual Casualty Co. Grange Life Insurance Co. Grange Indemnity Insurance Co. Grange Property & Casualty Insurance Co. Grange Insurance Co. of Michigan, Trustgard Insurance Co. Integrity Mutual Insurance Co. The Grange Bank*
P.O. Box 183047, Columbus, OH 43218-3047
615/391-4900 or 1-800-423-4036 FAX 1-800-423-3794
www.grangeinsurance.com



THIS DOCUMENT CONTAINS A CUSTOM COLORED BACKGROUND AS A SECURITY FEATURE

NEW HAMPSHIRE INSURANCE COMPANY

00010482 Claim No.: 00002833 Check No.: 18785732

INV/FILE: LE08076

51-44/119

03/01/2006

PAY **FORTY-TWO THOUSAND SEVEN HUNDRED TWENTY DOLLARS AND **97 CENTS**

TO THE ORDER OF LAKESHORE MARINA

Pay ***********$42,720.97

VOID AFTER NINETY DAYS

FLEET BANK
HARTFORD CT

AUTHORIZED SIGNATURE

⑈18785732⑈ ⑆011900445⑆ 5208⑈

JS 44 (Rev. 11/04)

ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RENEE COWIE and STEPHEN COWIE

**DEFENDANTS**
STATE FARM FIRE AND CASUALTY COMPANY

(b) County of Residence of First Listed Plaintiff GENESEE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DEBRA A. FREID (P33078)
604 S. Jefferson Ave., Saginaw, MI 48607 (989) 754-0411

Attorneys (If Known)
PAUL H. JOHNSON, JR. (P26871); STACEY L. HEINONEN (P55635)
27777 Franklin Rd., Suite 1100, Southfield, MI 48034 (248) 356-8590

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Case: 2:06-cv-15218
Assigned To: Hood, Denise Page
Referral Judge: Pepe, Steven D
Filed: 11-22-2006 At 11:40 AM
REM COWIE V STATE FARM FIRE AND CASUALTY CO (EW)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

- ☐ 600 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**[OTHER STA]TUTES**
- [...]tionment
- [...]nking
- [...]uenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332; 18 U.S.C. 1446(A); 28 U.S.C. 1331(1)
Brief description of cause:
Claimed breach of boat owner's insurance policy.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
11/22/2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________

Case No.: ______________________

Judge: ______________________

Notes :