IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF TENNESSEE, SOUTHERN DIVISION AT CHATTANOOGA

| | |
|---|---|
| RENEE COWIE and STEPHEN COWIE ) | CASE No. 1-07-CV-63 |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs ) | |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY ) | |
| ) | |
| Defendant ) | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs incorporate herein by reference their first Amended Complaint.

### VII

This lawsuit emanates out of a fire loss to a boat owned by the plaintiffs occurring October 28, 2005.

The loss was denied by State Farm on May 6, 2006.

Suit was filed October 26, 2006 in the State of Michigan, in the U.S. Federal District Court and ultimately upon Order for change of venue referred the case to the United States District Court, Southern Division at Chattanooga, Tennessee.

The depositions of the plaintiffs, Stephen Cowie and Renee Cowie were taken June 20, 2007 and the deposition of Alan Isaacs, State Farm representative take June 21, 2007.

Plaintiffs would show that the law of the State of Tennessee pursuant to the decision of <u>Gaston v. Tennessee Farmers</u>, Court of Appeals, June 21, 2007

1

allows plaintiffs to pursue a claim for unfair and deceptive practices pursuant to T.C.A. § 47-18-104(b).

VIII

Plaintiffs would show that at all times they cooperated with State Farm in investigation of this fire. State Farm was properly notified and State Farm waived the necessity of a Proof of Loss or specific demand. The 60 day period for bad faith expired on or about December 26, 2005, T.C.A. § 56-7-105 - specific deceptive and unfair acts:

(a) Plaintiff provided to State Farm a release for all financial records. State Farm did not utilize the release to acquire the full set of SunTrust Bank records on three separate accounts in the name of the plaintiffs individually or jointly. State Farm in fact relied upon a financial analysis done by counsel of record and not by an accountant.

State Farm did not ask for tax returns or a full set of financial information or any history of the plaintiffs.

(b) State Farm at all times knew the plaintiffs had a long history of homeowner's insurance and auto insurance with State Farm.

(c) State Farm relied upon the erroneous opinion of Technifire and failed to disclose that opinion until the subsequent filing of these proceedings.

(d) State Farm knew prior to denial on May 6, 2006 that the Technifire opinion was in error and that the Eaton Electric report clarified that the space heater supporting Technifire's theory was erroneous as the space heater was not on. State Farm failed to disclose that to the plaintiffs prior to the denial

and prior to filing the suit. State Farm claimed the expert report as being "privileged" even though the matter was in litigation before the United States District Court of Michigan as well as the United States District Court, Southern Division, Chattanooga, Tennessee.

    (e)    State Farm did not disclose any information supporting their denial of May 6, 2006.

    (f)    State Farm failed to access and review all relevant financial records per the release.

WHEREFORE from the foregoing plaintiffs would aver that the actions of State Farm as set out hereinabove, those ascertained during the course of discovery and investigation constitutes such unfair and deceptive acts as to support a claim for violation of the <u>Tennessee Consumer Protection Act</u>, damages in the amount of $1,000,000.00, treble damages, pre-judgment interest and attorney's fees. Plaintiffs demand a jury of twelve (12) persons, their discretionary costs and Court costs.

                              Respectfully submitted,

                              JOHN T. RICE, P.C.

                              BY:    <u>s/John T. Rice</u>
                                        TN BPR #001021
                                        Attorney for Plaintiffs
                                        P. O. Box 6096
                                        Chattanooga, TN 37401
                                        423-265-6828
                                        423-265-5738 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007 a copy of the foregoing Plaintiffs' Second Amended Complaint was filed electronically. Notice of this filing will be

sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    John D. Barry
    Milligan, Barry & Evans
    600 Georgia Avenue, Suite 4
    Chattanooga, TN 37402

        JOHN T. RICE, P.C.

    BY:    s/John T. Rice
            TN BPR #001021
            P. O. Box 6096
            Chattanooga, TN 37401
            423-265-6828

4
Case 1:07-cv-00063   Document 34   Filed 06/26/07   Page 4 of 4   PageID #: <pageID>