UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

RENEE COWIE and STEPHEN COWIE )
    *Plaintiffs* )
     )     No. 1:07-cv-63
     )     Edgar/Carter
STATE FARM FIRE & CASUALTY CO. )
    *Defendant* )

<u>MEMORANDUM AND ORDER</u>

<u>I. Introduction</u>

Plaintiffs' "Motion for Production of Documents and Alternative Motion for Sanctions

For Failure to Disclose" (Doc. 35) is pending.  This action arises from an insurance claim filed

by the plaintiffs with State Farm Fire and Casualty Co. (State Farm) after the plaintiffs' boat was

destroyed by fire.  State Farm has refused to pay the claim, at least in part, on the ground that the

plaintiffs intentionally caused the boat to be burned.  The subject of this motion is a State Farm

Committee Report which the plaintiffs seek to obtain in its entirety.

<u>II. Relevant Facts and Procedural History</u>

Plaintiffs deposed State Farm representative Alan Isaacs on June 20, 2007.  During this

deposition, plaintiffs requested a copy of a "Committee Report of April 2005 " (Committee

Report) which State Farm refused to produce at that time on the ground that it was protected by

the work product doctrine.  Plaintiffs subsequently filed this motion.  State Farm has responded

requesting that the undersigned conduct an *in camera* review of the Committee Report.  State

Farm does not claim that the entire report is protected, only certain portions of it which reflect

State Farm's attorneys' mental impressions and/or legal strategy.  Following a hearing on this

motion, I agreed to conduct an *in camera* review of the Committee Report. State Farm has

submitted the Committee Report for such a review and highlighted those portions of the

Committee Report which it believes are protected.

### III. Analysis

The work product doctrine, first articulated by the Supreme Court in *Hickman v. Taylor*,

329 U.S. 495 (1947), protects the mental processes of an attorney from inquiry by an opposing

party. *Hickman,* 329 U.S. at 511. "The doctrine is designed to allow an attorney to 'assemble

information, sift what he considers to be relevant from the irrelevant facts, prepare his legal

theories and plan his strategy without undue and needless interference ... to promote justice and

to protect [his] client's interests.'" *In re Columbia/HCA Healthcare Corp. Billing Practices

Litigation*, 293 F.3d 289, 294 (6th Cir. 2002) (brackets original) (quoting *Hickman*, 329 U.S. at

510).

The work product doctrine, as it applies to documents and tangible things, is now

embodied in Fed. R. Civ. P. Rule 26(b)(3). Under Rule 26, if documents and other tangible

things were prepared in anticipation of litigation by or for the other party or by or for the other

party's representative, a party may obtain discovery of the materials "only upon a showing that

the party seeking discovery has substantial need of the materials in the preparation of the party's

case and that the party is unable without undue hardship to obtain the substantial equivalent of

the materials by other means." Fed. R. Civ. P. 26(b)(3). The party seeking work product

protection bears the burden to show such protection is warranted. *In re Columbia/HCA

Healthcare Corp. Billing Practices Litigation*, 293 F.3d at 294. Even if a party is able to show

substantial need and undue burden to obtain "fact work product," "opinion work product,"

material reflecting the attorney's mental impressions, opinions, or legal theories,  remains

unobtainable.  *Id.*

The dispute in this case centers on the meaning of  "in anticipation of litigation."   This

phrase, as it applies to insurance companies, presents an especially thorny problem because

insurance companies, by the very nature of their business, have a duty to investigate claims and

regularly do so for the purpose of determining whether a claim will be paid and are often

involved in litigation with claimants whose claims have been denied.  *See Urban Outfitters, Inc.*

*v. DPIC Cos., Inc.*, 203 F.R.D. 376, 379 (N.D. Ill. 2001) ("because of the nature of their work,

documents generated by insurance companies investigating claims or potential claims present

special challenges when applying the work product doctrine"); *Rinaldi Fast Foods, Inc. v. Great*

*American Ins. Co.*, 123 F.R.D. 198, 202 (M.D. N.C. 1988) ("An insurance company cannot

reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation

when it has a duty to investigate, evaluate and make a decision with respect to the claims made

on it by its insured").

This Court found no decision directly on point within the Sixth Circuit or this district nor

have the parties cited to any such decision.  Nevertheless, a number of courts in other

jurisdictions have been faced with this particular discovery dilemma as it relates to insurance

companies, and a majority of them have applied a standard based on whether the documents were

prepared primarily for the purpose of adjusting the claim or primarily in anticipation of

litigation.[1]  *See e.g., Caremark Inc., v. Affiliated Computer Serv. Inc.*, 195 F.R.D. 610, 616 (N.D.

---

[1]*See S.D. Warren Co. v. Eastern Electric Corp.* 201 F.R.D. 280, 282-84 (D. Maine 2001) for a
comprehensive discussion of the variety of approaches employed by courts to determine what insurance company
documents are and are not protected by the work product doctrine.

Ill. 2000) ("[i]f a document would have been created regardless of whether litigation was anticipated or not, it is not work product."); *Guidry v. Jen Marine LLC,* 2003 WL 22038377 *5 (E.D. La. Aug. 22, 20003) ("if the party asserting the privilege cannot make a factual showing that the primary purpose of the insurance investigation was in anticipation of litigation, the court may conclude that the investigation was conducted in the ordinary course of investigating a potential insurance claim."). *Accord Falkner v. General Motors Corp.*, 200 F.R.D. 620, 623 (S.D. Iowa 2001); *S.D. Warren Co. v. Eastern Electric Corp.* 201 F.R.D. 280, 282-84 (D. Maine 2001); *Holton v. S & W Marine, Inc.*, 2000 WL 1693667 * 3 (E.D. La. Nov. 9, 2000).

To answer the question of the primary purpose of a document, the court must engage in a fact intensive analysis on a case-by-case basis. *See Guidry,* 2003 WL 22038377 at *5*; S.D. Warren Co.*, 201 F.R.D. at 283-85; *Falkner*, 200 F.R.D. at 623-24. Factors a court should consider include who prepared the documents, the nature of the documents, and when the documents were prepared. *Guidry,* 2003 WL 22038377 at *3 (citing *Falkner*, 200 F.R.D. at 623).

The Court now turns to the document at issue in this case. Determining the validity of a claim and deciding whether to pay it is an ordinary function of any insurance company. The Committee Report at issue was clearly a tool used by State Farm in deciding to deny the plaintiffs' claim. However, State Farm asserts that portions of this Committee Report contain the mental impressions of its counsel which were not prepared primarily to determine whether to deny a claim but rather in anticipation of litigation. The undersigned finds State Farm's argument to be reasonable and persuasive, and I will examine the highlighted portions of the Committee Report to determine if those portions reflect the mental impressions or litigation

strategy of State Farm's counsel or would be protected under any other facet of the work product doctrine.

*Committee Report - Bates No. 239*

The portion highlighted on this page of the Committee Report concerns current reserves designated for litigation in this case. As that information reflects litigation strategy and has no bearing on the facts of this case, I conclude it is protected and may be redacted.

*Committee Report - Bates Nos. 240 and 242*

These pages contain a recitation of events which occurred immediately before and after the fire which destroyed the plaintiffs' boat and an analysis by a State Farm employee concerning the plaintiffs' financial condition at the time of the fire. There is only a portion of one sentence highlighted on page 240 and it reflects an alleged fact in the case. There are two sentences highlighted on page 242, and they pertain to the plaintiffs' finances. There is nothing to indicate to me this information on either page originated from State Farm's counsel. Further, it appears that this recitation of facts and analysis by a State Farm employee was prepared for the purpose of determining whether State Farm should pay the claim, a necessary part of the claims process. Accordingly, I conclude it was not prepared primarily in anticipation of litigation and is therefore not protected by the work product doctrine. State Farm may not redact these portions of the Committee Report.

*Committee Report - Bates Nos. 246 -250*

These pages of the Committee Report contain discussion of applicable case law in Tennessee and analysis of this particular case by Attorney Robert Moss in Southfield, Michigan and Attorney John Barry in Chattanooga, Tennessee. This information was clearly prepared in

anticipation of litigation and constitutes the mental impressions of State Farm's attorneys. Therefore, State Farm may redact those portions of the Committee Report highlighted on pages 246 -250 of the copy submitted for *in camera* review.

IV. Conclusion

Accordingly, for the reasons stated herein, State Farm shall provide to the plaintiffs within ten (10) days of entry of this order a copy of the Committee Report with only those portions redacted as allowed by this Order. Further, because State Farm had a legitimate basis to withhold at least portions of the Committee Report, plaintiffs' motion for sanctions is DENIED.

SO ORDERED.

ENTER:

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE