UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RENEE COWIE and STEPHEN COWIE, )
)
    *Plaintiffs,* )
v. ) No. 1:07-cv-63
) *Edgar / Carter*
STATE FARM FIRE & CASUALTY )
COMPANY, )
)
    *Defendant.* )

# **MEMORANDUM AND ORDER**

Plaintiffs Renee and Stephen Cowie brought their original complaint for breach of an insurance contract in the Circuit Court of Genesee County, Michigan. Defendant State Farm Fire & Casualty Company ("State Farm") removed the action to United States District Court for the Eastern District of Michigan. Plaintiffs' original complaint stated that they were residents of Genesee County, Michigan. [Court Doc. No. 13-3, Complaint]. According to the Complaint State Farm is incorporated in Illinois, but is licensed to conduct business in Michigan. *Id.*

Plaintiffs' original complaint alleges that Plaintiffs owned a 24-foot Stingray boat, which was destroyed by fire in Tennessee. Plaintiffs assert that State Farm insured the boat through a boat owner's insurance policy, Policy #42-J7-2868-8 (the "Policy"), which provided for the replacement cost of the boat upon a loss caused by fire. Complaint, ¶ 5. Plaintiffs allege that they complied with their contractual obligations under the Policy, but State Farm denied the claim filed by Plaintiffs. *Id.* at ¶ 11. The original complaint alleges breach of contract.

State Farm moved in the Michigan district court for a transfer of venue to this court because the Plaintiffs' boat was destroyed in Chattanooga, Tennessee while they resided in Tennessee. [Court Doc. No. 13]. State Farm also issued the Policy in Tennessee. The Michigan

district court granted State Farm's motion for a transfer of venue to this court. *Id.*

Following the transfer to this court, Plaintiffs moved to amend their complaint. [Court Doc. No. 21]. Plaintiffs sought to add a claim for bad faith failure to pay an insurance claim under Tenn. Code Ann. § 56-7-105; a claim for unfair and deceptive practices pursuant to the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* ("TCPA"); and a claim for punitive damages under Tennessee common law. *Id.* The proposed amended complaint incorporated the allegations of the original complaint by reference. It additionally alleged that:

> Plaintiffs aver that the 24 foot 2005 Stingray Cruiser water craft suffered a loss on October 28, 2005 as covered by the policy.
> That State Farm has failed and refused to honor said claim, failed and refused to honor the claim of the loss payee, all of which are in bad faith pursuant to T.C.A. § 56-7-106.
> Further, plaintiffs allege that State Farm has failed to honor their claim alleging that Stephen Cowie is guilty of intentional conduct as set out in their Answer and Counter Complaint. Those allegations make no claim that Renee Cowie, an additional insured was guilty of any intentional conduct. Whereas the plaintiffs both deny any intentional conduct on behalf of Stephen Cowie, they would aver that failure to honor the claim as to Renee Cowie constitutes bad faith, constitutes bad faith as to Stephen Cowie for which State Farm should be responsible for the loss, bad faith penalty and attorney's fees.

[Court Doc. No. 21-3, Proposed Amended Complaint].

On June 18, 2007 the magistrate judge issued a report and recommendation recommending that the Plaintiffs' motion to amend be granted in part and denied in part. [Court Doc. No. 30]. Because State Farm did not object to Plaintiffs' bad faith failure to pay claim pursuant to Tenn. Code Ann. § 56-7-105, the magistrate recommended that Plaintiffs' request to add that claim be granted. The magistrate recommended that Plaintiffs' other proposed claims be denied. *Id.*

Plaintiffs timely objected to the magistrate's report and recommendation on June 26, 2007. [Court Doc. No. 33]. They objected on the basis of a Tennessee Court of Appeals case, *Gaston v. Tennessee Farmers Mutual Ins. Co.* that the Tennessee state court decided after the magistrate issued his report and recommendation. 2007 WL 1775967, No. E2006-01103-COA-R3-CV (Tenn. Ct. App. June 21, 2007).

On the same date that Plaintiffs filed their objections to the magistrate's report and recommendation, Plaintiffs also filed a Second Motion to Amend/Revise or in the Alternative Motion for Relief from Magistrate's Report and Recommendation, as well as a second amended complaint differing from the proposed amended complaint. [Court Doc. Nos. 34, 37]. This memorandum and order will address Plaintiffs' objections to the magistrate's report and recommendation. The court will issue a second memorandum and order addressing Plaintiffs' second motion to amend.

For the reasons expressed herein, the Court will **ACCEPT** the magistrate's determination that Plaintiffs' first motion to amend should be **GRANTED IN PART** and **DENIED IN PART**.

**I.     Analysis**

This Court must conduct a *de novo* review of the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). This Court may then either accept, reject or modify the magistrate's report and recommendation either in whole or in part. *Id.* General objections to a report and recommendation are not adequate to challenge a magistrate's determination. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Greene v. Quest Diagnostics Clinical Laboratories, Inc.*, 455 F.Supp.2d 483, 488 (D.S.C. 2006). In *Howard* the Sixth Circuit noted that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

932 F.2d at 509.

Plaintiffs' objection to the magistrate's report and recommendation is based solely upon a Tennessee appellate court opinion decided after the magistrate judge issued his report and recommendation. *See Gaston*, 2007 WL 1775967. They specify no errors of fact or law that the magistrate made based on the law that existed at the time he issued the report and recommendation. Plaintiffs instead suggest rather that the law has changed since the magistrate judge issued his decision. This is not the purpose of objections to a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).

Plaintiffs have pointed to no factual or legal error in the magistrate's report and recommendation based on the law as it existed at the time the magistrate issued his findings and based on the amended complaint as proposed to the magistrate. Therefore, this court will **ACCEPT** the report and recommendation. The court has further reviewed the report and recommendation for its legal and factual accuracy based on the Plaintiffs' proposed amended complaint [Court Doc. No. 21-3] and the law in Tennessee at the time the magistrate judge made his determination. The court concludes that the magistrate's findings are well-founded and should be **ACCEPTED IN FULL.**

**ORDER**

As described in the memorandum *supra*, Plaintiffs' motion to amend is **GRANTED IN PART** and **DENIED IN PART** as set forth in the magistrate's report and recommendation. Plaintiffs' motion to add a bad-faith claim pursuant to Tenn. Code Ann. § 56-7-105 is **GRANTED**. Plaintiffs' motion to add a claim under the TCPA and for punitive damages based on the allegations in the amended complaint [Court Doc. No. 21-3] is **DENIED**. The Plaintiffs' second motion to amend argues that the court should allow Plaintiffs to amend their complaint a second time based upon the ruling in *Gaston*, 2007 WL 1775967. The court will address the merits of Plaintiffs' argument pertaining to the second amended complaint in a separate memorandum and order.

SO ORDERED.

ENTER this the 1st day of August, 2007.

          */s/ R. Allan Edgar*
          R. ALLAN EDGAR
     UNITED STATES DISTRICT JUDGE