UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RENEE COWIE and STEPHEN COWIE, ) | |
| ) | |
| *Plaintiffs,* ) | |
| v. ) | No. 1:07-cv-63 |
| ) | *Edgar / Carter* |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| *Defendant.* ) | |

## **MEMORANDUM**

**I.    Background**

Plaintiffs Renee and Stephen Cowie brought their original complaint for breach of an insurance contract in the Circuit Court of Genesee County, Michigan. Defendant State Farm Fire & Casualty Company ("State Farm") removed the action to the United States District Court for the Eastern District of Michigan. Plaintiffs' original complaint stated that they were residents of Genesee County, Michigan. [Court Doc. No. 13-3, Complaint]. According to the Complaint State Farm is incorporated in Illinois, but is licensed to conduct business in Michigan. *Id.*

Plaintiffs' original complaint alleges that Plaintiffs owned a 24-foot Stingray boat, which was destroyed by fire in Tennessee. Plaintiffs assert that State Farm insured the boat through a boat owner's insurance policy, Policy #42-J7-2868-8 (the "Policy"), which provided for the replacement cost of the boat upon a loss caused by fire. Complaint, ¶ 5. Plaintiffs allege that they complied with their contractual obligations under the Policy, but State Farm denied the claim filed by Plaintiffs. *Id.* at ¶ 11. The original complaint alleges breach of contract.

State Farm moved in the Michigan district court for a transfer of venue to this court because the Plaintiffs' boat was destroyed in Chattanooga, Tennessee while they resided in Tennessee. [Court Doc. No. 13]. State Farm also issued the Policy in Tennessee. The Michigan district court granted State Farm's motion for a transfer of venue to this court. *Id.*

Following transfer to this court, Plaintiffs moved to amend their complaint. [Court Doc. No. 21]. Plaintiffs sought to add: a claim for bad faith failure to pay an insurance claim under Tenn. Code Ann. § 56-7-105; a claim for unfair and deceptive practices pursuant to the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* ("TCPA"); and a claim for punitive damages under Tennessee common law. *Id.* The proposed amended complaint incorporated the allegations of the original complaint by reference. It additionally alleged that:

> Plaintiffs aver that the 24 foot 2005 Stingray Cruiser water craft suffered a loss on October 28, 2005 as covered by the policy.
> That State Farm has failed and refused to honor said claim, failed and refused to honor the claim of the loss payee, all of which are in bad faith pursuant to T.C.A. § 56-7-106.
> Further, plaintiffs allege that State Farm has failed to honor their claim alleging that Stephen Cowie is guilty of intentional conduct as set out in their Answer and Counter Complaint. Those allegations make no claim that Renee Cowie, an additional insured was guilty of any intentional conduct. Whereas the plaintiffs both deny any intentional conduct on behalf of Stephen Cowie, they would aver that failure to honor the claim as to Renee Cowie constitutes bad faith, constitutes bad faith as to Stephen Cowie for which State Farm should be responsible for the loss, bad faith penalty and attorney's fees.

[Court Doc. No. 21-3, Proposed Amended Complaint].

On June 18, 2007 the magistrate judge issued a report and recommendation recommending that the Plaintiffs' motion to amend be granted in part and denied in part. [Court Doc. No. 30]. Because State Farm did not object to Plaintiff's bad faith failure to pay claim

pursuant to Tenn. Code Ann. § 56-7-105, the magistrate recommended that Plaintiff's request to add that claim be granted. The magistrate recommended that Plaintiffs' other proposed claims be denied. *Id.*

Plaintiffs timely objected to the magistrate's report and recommendation on June 26, 2007. [Court Doc. No. 33]. They objected on the basis of a Tennessee Court of Appeals case, *Gaston v. Tennessee Farmers Mutual Ins. Co.* that the Tennessee state court decided after the magistrate issued his report and recommendation. 2007 WL 1775967, No. E2006-01103-COA-R3-CV (Tenn. Ct. App. June 21, 2007). This court has issued a separate memorandum and order addressing Plaintiffs' objections to the magistrate's report and recommendation.

On the same date that Plaintiffs filed their objections to the magistrate's report and recommendation, Plaintiffs also filed a Second Motion to Amend/Revise or in the Alternative Motion for Relief from Magistrate's Report and Recommendation, as well as a second amended complaint differing from the proposed amended complaint. [Court Doc. Nos. 34, 37]. This memorandum will address Plaintiffs' second motion to amend and their proposed second amended complaint.

Plaintiffs' proposed second amended complaint asserts for the first time that State Farm engaged in the following allegedly unfair or deceptive acts presumably in violation of the TCPA:

> (a) Plaintiff provided to State Farm a release for all financial records. State Farm did not utilize the release to acquire the full set of SunTrust Bank records on three separate accounts in the name of the plaintiffs individually or jointly. State Farm in fact relied upon a financial analysis done by counsel of record and not by an accountant.
> State Farm did not ask for tax returns or a full set of financial information or any history of the plaintiffs.
> (b) State Farm at all times knew the plaintiffs had a long history of homeowner's insurance and auto insurance with State Farm.
> (c) State Farm relied upon the erroneous opinion of Technifire and

failed to disclose that opinion until the subsequent filing of these proceedings.

   (d) State Farm knew prior to denial on May 6, 2006 that the Technifire opinion was in error and that the Eaton Electric report clarified that the space heater supporting Technifire's theory was erroneous as the space heater was not on. State Farm failed to disclose that to the plaintiffs prior to the denial and prior to filing the suit. State Farm claimed the expert report as being "privileged" even though the matter was in litigation before the United States District Court of Michigan as well as the United States District Court, Southern Division, Chattanooga, Tennessee.

   (e) State Farm did not disclose any information supporting their denial of May 6, 2006.

   (f) State Farm failed to access and review all relevant financial records per the release.

[Court Doc. No. 34].

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) provides in relevant part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a motion to amend may be denied if including the proposed amendment would be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir.

1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)). The Supreme Court has recently explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, __ U.S. ___, 127 S.Ct. 1955, 1969 (2007). The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner*, 108 F.3d at 88 (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

### III. Analysis

The question presented for this court on Plaintiffs' second motion to amend the complaint is whether Plaintiffs' second proposed amendments state a claim for violation of the TCPA. The TCPA provides that:

> [a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use of employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

Tenn. Code Ann. § 47-18-109(a)(1). The TCPA lists a range of various specific unfair and deceptive practices in Tenn. Code Ann. § 47-18-104.

While Tenn. Code Ann. § 47-18-104 provides a list of unfair and deceptive practices, it also contains a "catch-all" provision that states that "[e]ngaging in any other act or practice which is deceptive to the consumer or to any other person" is unlawful. Tenn. Code Ann. § 47-18-104(b)(27). The Tennessee Supreme Court has held that this catch-all provision may apply to

insurance companies and that the TCPA does not explicitly exempt insurance companies from its provisions. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 922, 925 (Tenn. Sup. Ct. 1998) (citing Tenn. Code Ann. § 47-18-111). The court in *Myint* determined that exempting insurance companies from the coverage of the TCPA would frustrate the purposes of the Act. *Id.* at 925-26. It held that "[w]e consider the Insurance Trade Practices Act, the bad faith statute, and the Consumer Protection Act as *complementary* legislation that accomplishes different purposes, and we conclude, accordingly, that the acts and practices of insurance companies are generally subject to the application of all three." *Id.* at 926.

The Tennessee Supreme Court then addressed whether the actions alleged by the plaintiffs, the defendant insurer's denial of their claim due to its suspicion that the plaintiffs had engaged in arson in violation of their insurance policy, stated a claim under the TCPA. *Myint*, 970 S.W.2d at 923, 926. The parties stipulated that the fire that caused substantial damage to the property at issue had been set intentionally, but the plaintiffs denied that they participated in the arson. *Id.* at 923. The Tennessee Supreme Court held:

> While the sale of a policy of insurance easily falls under this definition of "trade" and "commerce," we conclude that Allstate's conduct in handling the Myints' insurance policy was neither unfair nor deceptive. The record reveals no evidence of an attempt by Allstate to violate the terms of the policy, deceive the Myints about the terms of the policy, or otherwise act unfairly. It is apparent that the denial of the Myints' claim was Allstate's reaction to circumstances which Allstate believed to be suspicious. Consequently, Allstate's conduct does not fall within the purview of the [TCPA], and the Myints are not entitled to the benefits of treble damages and attorney's fees recoverable under the Act. The trial court's dismissal of the Consumer Protection Act claim and the subsequent approval of that dismissal by the Court of Appeals is therefore affirmed.

*Id.* at 926.

Other state and federal court decisions have made clear that for the TCPA to apply to the

denial of insurance claims, the insured must allege that the insurer violated the terms of the policy, deceived the insured about the terms of the policy or acted unfairly in some other way. *See e.g., Nautilus Ins. Co. v. The In Crowd, Inc.*, 2005 WL 2671252, No. 3:04-0083 (M.D. Tenn. Oct. 19, 2005); *Parkway Assoc., LLC v. Harleysville Mutual Ins. Co.*, 129 F. App'x 955, 960-61 (6th Cir. 2005) (affirming district court's award of summary judgment where plaintiff failed to allege that defendant insurer misled or deceived it). Further, a mere denial of an insurance claim, absent any deceptive, misleading of unfair act does not violate the TCPA. *See e.g., Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 378 (6th Cir. 2007) (affirming award of summary judgment for insurer on plaintiff's TCPA claim where at worst insurer's conduct amounted to an "erroneous denial" of a claim); *Stooksbury v. American Nat. Property and Cas. Co.*, 126 S.W.3d 505, 520 (Tenn. Ct. App. 2003) (reversing trial court award of damages pursuant to the TCPA where "no material evidence" existed "to support the jury's conclusion that Defendant engaged in deceptive or unfair acts"); *Ginn v. American Heritage Life Ins. Co.*, 173 S.W.3d 433, 445-46 (Tenn. Ct. App. 2004) (reversing jury verdict on plaintiff's TCPA claim where insurer simply maintained good faith, although mistaken, belief that plaintiff materially misrepresented her husband's health).

Following the *Myint* decision, a federal district court in Tennessee held that the TCPA applied to deceptive or unfair trade practices in the handling of claims. *See Sparks v. Allstate Ins. Co.*, 98 F.Supp.2d 933, 935 (W.D. Tenn. 2000). In *Sparks*, the plaintiff filed a lawsuit for breach of contract and violation of the TCPA against her insurance company for its alleged bad faith refusal to pay her insurance claim. *Id.* at 934. She alleged that the insurer wrongfully denied her claim after a fire destroyed her home. *Id.* The defendant denied her claim alleging

that the plaintiff set fire to her own home or wrongfully procured the fire. *Id.* at 934-35. The complaint asserted that the insurer's denial of her claim was deceptive and unfair because the insurer denied the claim based on alleged arson when there was evidence in the Fire Marshal's report that the cause of the fire was a short circuit in fixed wiring. The insurer moved to dismiss the plaintiff's claim under the TCPA pursuant to Fed.R.Civ.P. 12(b)(6). The district court denied the motion to dismiss. It noted that:

> Having decided that the TCPA may in some circumstances apply to claims handling procedures, the court holds that the complaint in the present case is sufficient to allege a claim under the TCPA and thus dismissal under the standard set forth in rule 12(b)(6) is improper. . . . because plaintiff alleges that Allstate had clear evidence when it denied her claim that the cause of the fire was an electrical short, not arson. Taking plaintiff's allegations as true, as the court must, and drawing all inferences from those allegations in her favor, the court finds that if defendant had clear evidence that there was no arson and yet violated the terms of the policy by refusing to pay plaintiff's claim, that action could violate the TCPA.

98 F.Supp.2d at 938.

Plaintiffs argue in this action that the recent unreported decision by a Tennessee appellate court demonstrates that their proposed second amended complaint states a cause of action pursuant to the TCPA. *See Gaston*, 2007 WL 1775967. In *Gaston* the plaintiff suffered injuries in a car accident. Her insurance policy contained a provision that stated that no under-insured coverage existed for injury or property damage if the insured settled a claim of injury without the defendant insurer's written consent. *Id.* at *2. The plaintiff settled a claim for her injuries with the other motorist's insurer, and her insurance representative informed her that the defendant insurer would not pay the under-insured motorist coverage under her policy because she breached the terms of the policy by settling with the other motorist's insurer. *Id.* However, the insurance representative had received a demand letter the plaintiff had sent to the other

motorist's insurer, he knew the plaintiff had accumulated substantial medical bills, and he knew that the plaintiff had suffered severe injuries in the accident. He also knew that the plaintiff would likely file a claim for the under-insured motorist coverage, and that his employer, the insurer had exposure for the coverage. *Id.* However, the insurance representative did not contact the plaintiff and did not warn her that her under-insured coverage might be in jeopardy if she settled with the other motorist's insurer. *Id.*

The Tennessee appellate court determined that the defendant insurer's conduct did not fall explicitly into the deceptive behavior required in the TCPA's catch-all provision, Tenn. Code Ann. § 47-18-104(b)(27). *Id.* at *11. However, it found that violations of the TCPA were not limited to only those acts listed separately in Tenn. Code Ann. § 47-18-104(b). *Id.* The court noted that "there can be unfair or deceptive acts or practices other than those specifically set forth in T.C.A. § 47-18-104(b)." *Id.* at *11. The court then noted that:

> The Supreme Court in *Gaston I* stated that one could reasonably conclude that [the defendant insurer] had acted in an "unfair" manner in its dealings with the plaintiff:
> Neither [the insurance representative] nor anyone else at [defendant] notified or informed [plaintiff], who was not represented by counsel, that her effort to settle with [the other motorist's insurer] would prohibit her from collecting under her own policy. In our view, a jury could reasonably conclude that [defendant's] conduct was unfair or deceptive under the TCPA.

*Id.* (quoting *Gaston v. Tennessee Farmer's Mut. Ins. Co.*, 120 S.W.3d 815, 822 (Tenn. Sup. Ct. 2003)). The court of appeals held that the defendant's unfair behavior in withholding relevant information from the plaintiff about her coverage when it knew she was contemplating settling her claim with the other motorist's insurer constituted unfair behavior that violated the TCPA. *Id.*

Plaintiffs' proposed second amended complaint in this action is vague and unclear.

[Court Doc. No. 34]. First, it seeks to incorporate the proposed first amended complaint, which was not permitted by this court, even in part, until the date of this memorandum. Further, the first proposed amended complaint seeks to incorporate all of the provisions in the original complaint filed in Michigan. Such multiple incorporation by reference, combined with sparse factual allegations, serve to make the proposed second amended complaint highly confusing at best.

The proposed second amended complaint alludes to several allegedly deceptive and unfair acts. *Id.* The specific acts alleged are that: State Farm did not acquire a full set of financial records from the Plaintiffs' bank and relied upon a financial analysis performed by an attorney and not an accountant; State Farm did not ask for tax returns or a full set of financial information from Plaintiffs; State Farm knew Plaintiffs had a long history of insurance with it; State Farm relied upon the "erroneous opinion of Technifire" and did not disclose that opinion until the filing of the lawsuit; "State Farm knew prior to the denial on May 6, 2006 that the Technifire opinion was in error and that the Eaton Electric report clarified that the space heater supporting Technifire's theory was erroneous as the space heater was not on. State Farm failed to disclose that to the plaintiffs prior to the denial and prior to filing the suit"; State Farm claimed that its expert report was privileged, despite this litigation; State Farm did not disclose any information supporting its denial of Plaintiffs' claim on May 6, 2006; and State Farm did not obtain all of Plaintiff's financial records available to it pursuant to a release.

State Farm is correct that its allegedly unfair or deceptive acts are distinguishable from the unfair acts the Tennessee appellate court found in *Gaston*. In *Gaston* the defendant insurer failed to warn the plaintiff that she risked losing her coverage by settling her claims even though

its representative knew she was contemplating settlement and needed money to pay for medical bills relating to her substantial injuries. In this action Plaintiffs are not alleging that State Farm withheld information regarding their policy from them to see if they would breach the terms of the Policy to avoid having to extend coverage under the Policy.

Further, it is not clear to this court how failing to obtain all of Plaintiff's financial and tax records, relying on financial analysis performed by an attorney, providing Plaintiffs with many years of insurance coverage, or asserting a claim of legal privilege amount to deceptive or unfair acts pursuant to the TCPA. *See e.g., Parkway Assoc., LLC*, 129 F. App'x. at *5 (determining that failing to return telephone calls, forcing the plaintiff to litigate, and placing the mortgage holder's name on checks did not amount to deceptive or unfair acts under the TCPA).

Although it is somewhat vague what "Technifire" is, it appears that Plaintiffs allege that an entity named Techifire provided an erroneous opinion to State Farm regarding the cause of the fire that destroyed Plaintiffs' boat. Plaintiffs allege that State Farm knew that the "Technifire opinion" was incorrect in finding that a space heater was on and that another report, the "Eaton Electric report" determined that a space heater was not on prior to the fire. Presumably, Plaintiffs maintain that the "Technifire" report indicated that a space heater that was running contributed to the fire. This court does not have access to either the Technifire opinion or the Eaton Electric report. However, from the little the court can surmise about this allegation from the proposed second amended complaint, it appears that the Plaintiffs are attempting to allege a deceptive act akin to the deceptive act found in *Sparks*. 98 F.Supp.2d at 938.

Plaintiffs assert that State Farm knew prior to its denial of the Plaintiffs' claim that its expert report was in error, and that another expert report indicated that a running space heater did

not contribute to the fire.  Plaintiffs allege that State Farm failed to disclose this information to them prior to the denial of their claim.  Although Plaintiffs do not allege this in their proposed second amended complaint, it appears that their theory of State Farm's deception may be akin to the insurer's deceptive act in *Sparks* of denying a claim based on alleged arson when the insurer had knowledge that arson was not the cause of the fire.  This allegation is not merely an allegation that State Farm relied on an erroneous expert report.  Although this claim is inartfully drafted, an inference can be made that Plaintiffs allege that State Farm had knowledge that its arson theory was untrue, but yet State Farm still denied Plaintiffs' claim and withheld information from the Plaintiffs demonstrating that the arson theory was untrue.

As the court concluded in *Sparks*, this court concludes that the first paragraph of Section VIII, paragraph (c) of Section VIII, and the first two sentences of paragraph (d) of Section VIII of Plaintiffs' proposed second amended complaint state a potential claim of a deceptive or unfair act pursuant to the TCPA.  Plaintiffs' allegations in these sections are not futile because this court concludes that the claims stated in these sections could survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  This court is required to grant leave to amend a complaint freely when justice so requires pursuant to Fed. R. Civ. P. 15(a).  Therefore, this court will **GRANT** Plaintiffs leave to amend their complaint by specifying a claim under the TCPA and by adding in the first paragraph under Section VIII, paragraph (c) of Section VIII, and the first two sentences of paragraph (d) of Section VIII of the proposed second amended complaint.   This court expresses no further opinion on the merits of Plaintiffs' claim pursuant to the TCPA.  It concludes, however, that the other proposed revisions to the amended complaint would be futile because they do not allege deceptive or unfair acts pursuant to the TCPA.

State Farm argued in its response to Plaintiffs' first motion to amend their complaint that Plaintiffs should not be allowed to add a TCPA claim because the one-year statute of limitations under the TCPA, Tenn. Code Ann. § 47-18-110, has run. The court will address this argument briefly. State Farm admits that Plaintiffs filed their original complaint within the one-year time limit, but allege that Plaintiffs did not seek to amend their complaint to add the TCPA claim until after the one-year time limitation had run. State Farm contends that the TCPA claim does not "relate back" to the date of the original complaint under Fed. R. Civ. P. 15(c)(2).

Rule 15(c) states in relevant part: "[a]n amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Fed. R. Civ. P. 15(c)(2).

The Sixth Circuit has explained its view of the purpose of Rule 15(c)(2):

> [Rule 15(c)(2)] is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.

*Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999).

> This court has stated that "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" Thus, a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. Likewise, "[a]n amendment that alleges added events leading up to the same injury may relate back."

*Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248-49 (6th Cir. 2000) (other quotations omitted).

Plaintiffs' alleged violation of the TCPA arises out of the same transaction as the breach of contract action alleged in the original complaint–i.e., the denial of Plaintiffs' insurance claim. Thus, the requirements of Rule 15(c)(2) are satisfied, and Plaintiffs' TCPA claim relates back to the date of the original pleading.

Plaintiffs' second motion to amend also seeks a claim for punitive damages. If Plaintiffs prevail on their TCPA claim, the statute provides that "[i]f the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper." Tenn. Code Ann. § 47-18-109(a)(3). The statute also provides that the court should consider certain factors in determining whether to award treble damages. *See* Tenn. Code Ann. § 47-18-109(a)(4). Thus, the TCPA provides a right to punitive damages for willful and knowing deceptive or unfair practices. *See e.g.*, *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 907 (Tenn. Sup. Ct. 1999) (noting that "multiple damages are punitive in nature and not intended to compensate for the plaintiff's injury" and that treble damages provision under TCPA was intended to be punitive). Plaintiffs' request to amend their complaint to include a request for punitive damages available under the TCPA will therefore be **GRANTED**. To the extent Plaintiffs seek a separate common law claim for punitive damages unrelated to their TCPA claim and related to their other claims, this court will deny such amendment as futile. *See* [Court Doc. No. 30, Magistrate's Report and Recommendation, p. 5].

This court concludes that Plaintiffs may amend their complaint as stated in this memorandum and the court's memorandum accepting the magistrate's report and

recommendation. However, the court will require Plaintiffs to merge all of the allegations of the original complaint [Court Doc. No. 13-3], the allegations of bad faith pursuant to Tenn. Code Ann. § 56-7-105 in the proposed amended complaint [Court Doc. No. 21-3] permitted by this court, and the TCPA claim, as well as the paragraphs specified by the court in this memorandum from the proposed second amended complaint [Court Doc. No. 34] into *one* amended complaint. Neither the court nor the parties will be served in this ongoing litigation by referring to three separate complaints, none of which contain all of Plaintiffs' various claims and factual allegations. Plaintiffs will have until August 31, 2007 to file an amended complaint integrating all of their claims and allegations as permitted by this court.

## IV. Conclusion

As described *supra*, the court will **GRANT** in part and **DENY** in part Plaintiff's second motion to amend their complaint [Court Doc. No. 37].

A separate order will enter.


                             */s/ R. Allan Edgar*
                           R. ALLAN EDGAR
               UNITED STATES DISTRICT JUDGE