IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE, SOUTHERN DIVISION AT CHATTANOOGA

| | |
|---|---|
| RENEE COWIE and STEPHEN COWIE ) | CASE No. 1-07-CV-63 |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs ) | |
| ) | |
| STATE FARM FIRE & CASUALTY ) | |
| COMPANY ) | |
| ) | |
| Defendant ) | |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

Now comes Renee Cowie and Stephen Cowie, by and through counsel, Debra A. Freid of Freid, Gallagher, Taylor & Associates, P.C., to state in Complaint against the Defendant State Farm Fire and Casualty Company, as follows:

1. Renee Cowie and Stephen Cowie are, and were at all relevant times, husband and wife and are currently residents of Genesee County, in the State of Michigan.

2. The Defendant, State Farm Fire and Casualty Company, is incorporated in Illinois, but is licensed and authorized to do business in the State of Michigan in the County of Genesee. Defendant carried on a continuous and systematic part of its general business within the State of Michigan and specifically conducts business in Genesee County.

3. The amount in controversy exclusive of interest, fees and costs, exceeds $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS).

4. At all times relevant, Plaintiffs were the owners of 24 foot CS Stingray watercraft.

5. At some time prior to October 28, 2005, the Defendant executed and delivered to the Plaintiffs, for valuable consideration, a certain boat owner's policy, Policy #42-J7-2868-8, which provided for replacement cost of the above-described watercraft upon loss due to fire.

6. On October 28, 2005, all premiums were paid and current and said policy was in full force and effect.

7. On October 28, 2005, the watercraft insured by said policy was destroyed by fire in Tennessee. The loss occurred under circumstances within the coverage of the policy.

8. Plaintiff's timely notified Defendant of the loss by fire of the insured watercraft.

9. Plaintiffs thereafter complied with their contractual obligations and complied with every request made by State Farm, including permitting State Farm to immediately examine the loss, submitting to statements by State Farm in November of 2005 and to sworn statements by an attorney on State Farm's behalf in January of 2006, as well as taking any and all other actions requested or demanded by State Farm following the loss.

10. Plaintiffs requested that State Farm provide the contractual benefits, which, by virtue of the insurance policy and in accordance with the terms of that insurance policy, the Defendant is liable to pay over to Plaintiffs.

11. However, State Farm has not acted in good faith, and instead has delayed in processing the Plaintiff's claim and, on May 1, 2006, more than 6 months after the loss, has issued a claim denial notice and has willfully and unreasonably refused to pay for the loss sustained, including the replacement cost of the boat without depreciation, and any cost of wreckage repair. Defendant has denied liability for Plaintiff's claim and has failed to tender any money to Plaintiffs as full or partial payment, of the claim in order to minimize Plaintiff's consequential damages.

## Count I - BREACH OF CONTRACT

12. Plaintiff incorporates by reference paragraphs 1 through 11.

13. Defendant owed Plaintiff the duties to act fairly and reasonably in investigating Plaintiff's claim, to act in good faith, and to timely pay Plaintiff's claim.

14. Defendant, through its agents, representatives, employees, and investigators, failed to act fairly and reasonably in investigating Plaintiff's claim, failed to act in good faith, and failed to timely pay Plaintiff's claim. Defendant's wrongful conduct includes:

    a. failing to make payment of Plaintiff's claim within the time required by law from receipt of proof of the amount of loss.

    b. pursuing false defenses to Plaintiff's claim in an attempt to avoid, delay, or compromise payment of Plaintiff's claim when Defendant did not have sufficient evidence to support the defenses.

15. These actions by Defendant constitute a breach of Plaintiff's insurance contract with Defendant.

16. As a direct and proximate result of this breach of contract, Defendant remains indebted to Plaintiffs for their insured losses and Plaintiffs have sustained consequential damages that were in the contemplation of the parties when the contract was made or which are the natural and usual consequences of a breach of a fire insurance contract. These consequential damages include, but are not limited to wreckage repair, expert fees, adjusting fees, and attorney fees. Further, Plaintiffs are entitled to pre-judgment and penalty interest.

The matter was transferred from the United States District Court Eastern District of Michigan Southern Division on March 26, 2007 to the United States Federal District Court Southern Division at Chattanooga, Tennessee.

17. Plaintiffs sue the defendant for bad faith pursuant to T.C.A. § 56-7-105 and attorney's fees.

18. State Farm relied upon the erroneous opinion of Technifire and failed to disclose that opinion until the subsequent filing of these proceedings.

19. State Farm knew prior to denial on May 6, 2006 that the Technifire opinion was in error and that the Eaton Electric report clarified that the space heater supporting Technifire's theory was erroneous as the space heater was not on. State Farm failed to disclose that to the plaintiffs prior to the denial and prior to filing the suit.

20. The plaintiffs would aver that the actions of State Farm as set out hereinabove, those ascertained during the course of discovery and investigation constitutes such unfair and deceptive acts as to support a claim for violation of the <u>Tennessee Consumer Protection Act</u>.

WHEREFORE from the foregoing plaintiffs request a jury of twelve (12) persons, their discretionary costs, Court costs and a judgment against State Farm for (a) the amount of value of the boat plus 25% bad faith penalty, (b) violation of the <u>Tennessee Consumer Protection Act</u> in the amount of $1,000,000.00; treble damages; pre-judgment interest and attorney's fees and punitive damages in the amount of $3,000,000.00.

    Respectfully submitted,

    JOHN T. RICE, P.C.

    BY:    s/John T. Rice
            TN BPR #001021
            Attorney for Plaintiffs
            P. O. Box 6096
            Chattanooga, TN 37401
            423-265-6828
            423-265-5738 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2007 a copy of the foregoing Plaintiffs' Third Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    John D. Barry
    Milligan, Barry & Evans
    600 Georgia Avenue, Suite 4
    Chattanooga, TN 37402

JOHN T. RICE, P.C.

BY: <u>s/John T. Rice</u>
TN BPR #001021
P. O. Box 6096
Chattanooga, TN  37401
423-265-6828