UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RENEE COWIE and STEPHEN COWIE ) | |
|    *Plaintiffs* ) | |
| ) | No. 1:07-cv-63 |
| ) | Edgar/Carter |
| STATE FARM FIRE & CASUALTY CO. ) | |
|    *Defendant* ) | |

## REPORT AND RECOMMENDATION

Grange Mutual Casualty Company (Grange) has moved to intervene as a plaintiff pursuant to Fed. R. Civ. P. 24(b) (Doc. 107). This action arises from a fire which occurred on Renee and Stephen Cowies' boat in October of 2005. The fire spread to a boat owned by one Mr. Norwood. Grange insured Mr. Norwood's boat and now moves to intervene as a plaintiff pursuant to its right of subrogation under the insurance policy issued to Mr. Norwood. The amount at issue is $52,644.73. Grange alleges the Cowies either intentionally or negligently caused the fire which damaged Mr. Norwood's boat.

Grange filed this motion on February 4, 2008. The motion is opposed by defendant State Farm Fire and Casualty Company (State Farm) on the ground that allowing Grange to intervene as a plaintiff at this late date would require that discovery be re-opened, a new dispositive motion deadline be established, and the trial of the case be passed once again. The discovery period ended October 26, 2007. Defendant's expert disclosures were due May 25, 2007 and the plaintiffs' expert disclosures were due July 25, 2007. The dispositive motion deadline expired on October 31, 2007. The trial was originally scheduled to begin on January 14, 2008, but the District Court continued the trial date to May 12, 2008 in order to give the plaintiffs more time find an attorney after their original counsel withdrew from the case on December 3, 2007.

Presently, the plaintiffs remain unrepresented by counsel, and the undersigned assumes they are proceeding *pro se*.

Fed. R. Civ. P. 24(b) states in relevant part:

(1) In general. On timely motion, the Court may permit anyone to intervene who:
. . . .

    (B) has a claim or defense that shares with the main action a common question of law or fact.
. . . .

(3) Delay or Prejudice. In exercising its discretion, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

A hearing was held on this motion on Friday, February 8, 2008, in which counsel for Grange was unable to assure the undersigned Magistrate Judge that Grange would not seek any discovery concerning how the fire at issue began. Nor could counsel definitively assure the undersigned that Grange would not desire its own expert witness in this case. The undersigned further notes that currently the primary issue in this case is whether the Cowies intentionally caused their boat to be set on fire. Grange seeks to inject a negligence claim in the case, an entirely new issue to this lawsuit, and the undersigned can foresee that the parties would want to conduct additional discovery to address this issue. Accordingly, the undersigned finds that it is simply too late to allow Grange to intervene in this action. Allowing Grange to do so would unfairly prejudice both the plaintiffs and the defendant in this case. State Farm would have insufficient time to conduct discovery as would Grange before trial, and the Cowies, who are representing themselves, cannot be expected to adequately represent themselves if this case were placed on a fast track discovery period. Finally, denying Grange's motion to intervene does not

prevent Grange from asserting its claim against the Cowies and State Farm in a separate state court action.

Therefore, for the reasons stated herein, it is RECOMMENDED that Grange's Motion to Intervene (Doc. 107) be DENIED. [1]

Dated: February 19, 2008    s/William B. Mitchell Carter
                             UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).