RENEE COWIE and STEPHEN COWIE,   )
      )
     *Plaintiffs,*   )
      )
v.      )     No. 1:07-cv-63
      )     *Edgar / Carter*
STATE FARM FIRE & CASUALTY   )
COMPANY,      )
      )
     *Defendant.*   )

## JUDGMENT

Defendant State Farm Fire and Casualty Company ("State Farm") has moved for a default judgment on its declaratory judgment claim pursuant to Federal Rule of Civil Procedure 55. [Court Doc. No. 119]. Plaintiffs have failed to respond to this court's order dated May 9, 2008 or this court's amended order dated May 13, 2008 regarding State Farm's motion. [Court Doc. Nos. 123, 124].

Therefore, in accordance with Federal Rule of Civil Procedure 55(b)(2), the court hereby **GRANTS** State Farm's motion for default judgment as follows:

A. The court **DECLARES** pursuant to 28 U.S.C. § 2201 that Stephen and Renee Cowie are not entitled to recover any sums whatsoever from State Farm under their boat owners insurance policy, number 42-J7-2868-8 issued by State Farm (the "Policy") for loss and damage to their 2005 Stingray Cruiser allegedly arising out of the October 28, 2005 fire because:

i. the fire was not accidental, but, rather, was intentionally set or procured to be set by Stephen and Renee Cowie, or one of them, and/or by persons in privity with them and/or with their knowledge and consent for the purpose of

obtaining insurance benefits; and/or

ii.        they, or one of them, intentionally concealed and misrepresented material facts and circumstances concerning the resulting insurance claims under the Policy for losses and damage allegedly sustained  because of the fire;

B.        The court **DECLARES** pursuant to 28 U.S.C. § 2201 that State Farm is not obligated to defend Stephen and Renee Cowie under the Policy from any claims or causes of action brought against them (jointly or severally) by any other individual or entity claiming to have suffered loss or damage because of the October 28, 2005 fire since:

i.        the fire was intentionally, willfully, and maliciously set by them, or one of them, and/or by persons in privity with them and/or with their knowledge and consent and, as such, the losses or damage sustained was intended or could be expected to occur by Stephen and Renee Cowie; and/or

ii.        they, or one of them, intentionally concealed and misrepresented material facts and circumstances concerning the resulting insurance claims under the Policy for losses and damage allegedly sustained because of the fire;

C.        The court **DECLARES** pursuant to 28 U.S.C. § 2201 that State Farm is not obligated to indemnify Stephen and Renee Cowie under the Policy for any sums they may be required to pay (jointly or severally) to any other individual or entity claiming to have suffered loss or damage because of the October 28, 2005 fire since:

i.        the fire was intentionally, willfully, and maliciously set by them, or one of them, and/or by persons in privity with them and/or with their knowledge and consent and, as such, the losses or damage sustained was intended or could be expected to occur by Stephen and Renee Cowie; and/or

ii.       they, or one of them, intentionally concealed and misrepresented material

facts and circumstances concerning the resulting insurance claims under the

Policy for losses and damage allegedly sustained because of the fire.

In addition, State Farm's motion to act [Court Doc. No. 125] is **GRANTED**. Judgment

is hereby entered on behalf of State Farm. The Clerk of the Court shall close the file in this case.

This is a final judgment.

The **CLERK** is **DIRECTED** to serve a copy of this order to the Plaintiffs at the

following address:

      Renee and Stephen Cowie
      2044 Kingswood Drive
      Flint, MI 48507

SO ORDERED.

ENTER this the 9th day of June, 2008.


          *_/s/ R. Allan Edgar_*
          R. ALLAN EDGAR
          UNITED STATES DISTRICT JUDGE